FILED
Mar 13, 2026
09:32 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| **Mona Toma,** <br>       **Employee,** <br> **v.** <br> **The Kroger Company,** <br>       **Self-Insured Employer,** <br> **And** <br> **Troy Haley, Administrator,** <br> **Subsequent Injury Fund.** | **Docket No. 2025-60-3181** <br><br> **State File No. 860142-2024** <br><br> **Judge Kenneth M. Switzer** |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on March 5, 2026, on Mona Toma's entitlement to benefits for a gradual injury suffered in March 2025. The Kroger Company denied her claim, raising a notice defense. Kroger pointed out that Ms. Toma settled a previous workers' compensation claim in 2021 with open medical benefits, and she should treat under that claim. The Court holds that at this time, Ms. Toma is not entitled to benefits because she has not shown a likelihood of prevailing on the notice issue.

### Claim History

In 2017, Ms. Toma injured her shoulder, neck, and hip at work. The parties settled the claim with open medical benefits.

This claim involves an alleged new injury to Ms. Toma's back and spine. The trial and deposition testimony, the medical proof, and her petition offer differing versions of how she became injured and the circumstances of her reporting the claim.

*The trial*

Ms. Toma testified that on March 4, 2025, her inventory counts increased substantially from 25 daily to 200. She attempted to meet the new daily goals and started feeling "heaviness" in her back.

Ms. Toma continues to receive quarterly injections from Dr. Calvin Dyer for her 2017 injury. She saw him on March 20 and said her pain was "severe" and "abnormal" at this visit. Ms. Toma testified without objection that Dr. Dyer told her, "This problem seems not because of the previous problem that you had before." He injected her again, but this gave no relief. Dr. Dyer also ordered an MRI and referred her to Dr. Jason Smith. Ms. Toma stated that one month later, Dr. Smith also said she suffered a new injury. He recommended surgery and took her off work.

As to notice, Ms. Toma said on cross-examination that on March 21, she sent Halat Sayfadeen, her supervisor, a text stating that she was "very tired" and had a note from Dr. Dyer taking her off work for a week. She told Ms. Sayfadeen about a bulging disc and sciatica in the text, but neither party introduced the text into evidence. At that time, Ms. Toma assumed the pain was from her previous injury.

Kroger alleged that Ms. Toma fell at home on March 4, but she denied that and said instead that she fainted that day. She further agreed that she fell at work twice but clarified emphatically that these falls did not cause back pain.

Ms. Toma also acknowledged a May 7 conversation with Ms. Sayfadeen and a manager, "Jacob," about the falls, but she insisted she told them the falls did not cause her injury. She told them about "pain in her back," but according to Ms. Toma, they would not accept her injury report.

Ms. Toma did not say, in her direct testimony or on cross-examination, whether she told Ms. Sayfadeen on March 21 that her reason for being off work was due to a gradual injury suffered from performing inventory. Ms. Sayfadeen did not attend the hearing or give a declaration.

*The deposition*

At the close of its proof, Kroger introduced Ms. Toma's deposition transcript into evidence, which the Court admitted over Ms. Toma's objection.

2

Counsel highlighted a portion of her testimony where Ms. Toma was asked to give the date that the injury happened and describe in detail what occurred.

Ms. Toma responded: "[I]t wasn't a specific day.· It was gradually.· When I do the count daily, the pain would increase.· So it—it wasn't a specific day, but pain started in the third month, March, and gradually, or eventually, every day I work, the pain would increase."  Ms. Toma explained she knew the pain related to her job duties "[b]ecause every day when I do the counts, I cannot sit, I cannot stand.· Every time I bend down, I feel that there is severe pressure to my back."

Ms. Toma added that on March 20, she saw Dr. Dyer, who took her off work for one week.  Kroger's counsel asked, "Had you realized at this time that the injury was related to your work?"  Ms. Toma replied yes.  As to the circumstances of her reporting the injury, Ms. Toma said, "I have a text message—message sent to the manager saying that I cannot sleep, I cannot stand, I cannot sit."

*Medical proof and the petition*

As for the medical records, Ms. Toma saw Dr. Dyer with a "chief complaint" of "right lumbar radiculitis."  He wrote: "She states that [at] her current job they required her to do a great deal more inventory, where she is on her feet [with] much more standing.  There are many more objects that need to have inventory.  . . .  There have been no new falls or acute injuries."

As his assessment, Dr. Dyer wrote: "This patient has severe radicular type pains, which have been a flare up.  No specific injury.  Without this level of pain in the past and no new injury.  She simply stated that this increased level of work has made this much more painful for her."  He diagnosed lumbar radiculopathy and administered an injection.

For his part, Dr. Smith's records gave the following history: "She has had increasing pain over the past month.  She said that she was seated at work and fell on her buttock.  She also had a secondary fall 2 weeks after that.  . . .  She states that the right-sided pain began really after these two recent falls."  Dr. Smith wrote that Ms. Toma has a disc herniation at the L4-L5 level impinging her L5 nerve root.  He recommended surgery and took her completely off work.

Afterward, the adjuster sent Dr. Smith a letter to clarify his opinions.  The letter summarized treatment for the previous claim along with the March 2025 Dr. Dyer visit.  The letter asked: "In your professional medical opinion and considering

all causes, is the need for further treatment, of IW's above mentioned diagnosis primarily caused by (contributed more than 51%) the 12/13/2017 work-related injury?"  Dr. Smith checked no.  As explanation, he wrote: "The patient has a relatively recent disc herniation at L4-5 with an extruded fragment which was not present on an MRI from 10/28/19.  So, it is not caused by an injury in 2017."

Ms. Toma's May 13 petition alleges that on May 1, 2025, she became injured while "counting inventory" and "bending over multiple times in a row."  She alleged reporting the injury on May 1 as well.  Ms. Toma further wrote, "Injury connected to a recent fall but cannot remember when the fall was.  [T]he injury started affecting m[e] after repe[a]ted bending over from counting inventory.  Employer will not approve claim [be]cause I cannot remember exactly when I fell."

Kroger denied Ms. Toma's claim on July 10.

**Findings of Fact and Conclusions of Law**

Ms. Toma bears the burden of proof and must offer sufficient evidence to show she is likely to prevail at a hearing on the merits.  Tenn. Code Ann. § 50-6-239(d)(1) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).  As a threshold issue, Ms. Toma must show that she gave timely notice.

Section 50-6-201 gives separate notice requirements for injuries resulting from a specific work accident versus gradual injuries.  So, the Court must find which type of claim Ms. Toma made to apply the proper subsection.

*Specific incident or gradual injury*

This issue turns largely on Ms. Toma's testimony.  The Court accepts her trial testimony that the work injury likely resulted from the increase in inventory counts. This began on March 4 and gradually caused her increased pain and "heaviness" in her back, each day that she attempted to meet the new quota.

The Court rejects Kroger's insistence that the alleged injury resulted either from recent falls at work or is a continuation of the 2017 work injury.

As to the falls, Ms. Toma agreed that they occurred, but she was adamant that they did not cause her pain or injury.

4

Two things can be true at the same time. The Court finds that Ms. Toma fell at work twice sometime in 2025, but the falls did not cause her alleged injury. Rather, based on her testimony, the increased inventory demand gradually caused her increased pain resulting in injury and her inability to work.

Dr. Dyer's March notes support this. He documented her reporting on the increased inventory and that no new falls or acute injuries had occurred. In contrast, Dr. Smith recorded Ms. Toma reporting two recent falls at work in his April notes. As previously stated, that is accurate. But the Court accepts Ms. Toma's testimony that the falls were not the cause of her back pain.

Moreover, Dr. Smith later wrote in response to Kroger's letter that his diagnosis was not "primarily caused by (contributed more than 51%) the 12/13/2017 work-related injury."[1] He further wrote that Ms. Toma has "a relatively recent disc herniation at L4-5 with an extruded fragment which was not present on an MRI from 10/28/19. So, it is not caused by an injury in 2017." This opinion coincides with Ms. Toma's testimony that she suffered a new work injury beginning in March 2025.

Based on this analysis, the Court finds Ms. Toma suffered a new gradual injury.

*Notice*

Subsection 50-6-201(b) states:

In those cases where the injuries occur as a result of gradual or cumulative trauma, then the injured employee . . . shall provide notice of the injury to the employer within fifteen (15) days *after the employee . . . [i]s rendered unable to continue to perform the employee's normal work activities as a result of work-related injury and the employee knows or should know that the injury was caused by work-related activities.*

(Emphasis added).

---

[1] The letter recited an incorrect legal standard. Subsection 50-6-102(12)(C) states, "An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes[.]"

In *Ernstes v. Printpack, Inc.*, the Appeals Board gave a framework for whether timely notice of an injury has been provided, which first requires a date of injury to be established. 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *34 (June 6, 2023), *aff'd*, No. W2023-00863-SC-R3-W3, 2024 Tenn. LEXIS 1 (Tenn. Workers' Comp. Panel Jan. 2, 2024). Further, the employee has the burden of proving (1) timely written notice was provided; (2) the employer had actual knowledge of the accident or injury, or (3) the employee has a reasonable excuse for the failure to give timely written notice. *Id.* at *13-14.

Here, Ms. Toma did not give timely written notice, so the next question is whether Kroger had actual notice.

Ms. Toma testified at trial that she saw Dr. Dyer on March 20, who said her current condition was "not because of the previous problem that you had before" and took her off work for a week. His notes confirm that he conveyed to Ms. Toma that her pain related to the increased inventory duties. Ms. Toma testified at her deposition that she realized at this visit that her injury related to work.

The Court finds that on March 20, 2025, Ms. Toma was "rendered unable to continue to perform" her normal work activities from a work-related injury, and she knew or should have known that the injury was caused by work-related activities. On that date, Ms. Toma's obligation to notify Kroger began.

Ms. Toma testified at trial and at her deposition that she gave the off-work note to Ms. Sayfadeen the next day. *She did not say that she told Ms. Sayfadeen at that time that the increased inventory requirement caused her need to be off work, on that day, or in any later conversation taking place within 15 days of March 20.* Ms. Toma similarly did not give a reasonable excuse for her failure to give timely written notice.

Without this proof, Ms. Toma cannot show at this time that she is likely to prevail at a hearing on the merits that she gave timely notice of her work injury. Therefore, her request for benefits is denied at this time.

*Penalty referral*

Finally, Ms. Toma filed her petition on May 13, and Kroger denied the claim on July 10.

Tennessee Compilation Rules and Regulations 0800-02-14-.04(8) (2025) states, "Initial decisions on compensability shall be made by the adjusting entity within fifteen (15) calendar days of the verbal or written notice of injury."

Even though Kroger prevailed on the notice issue in this interlocutory setting, Kroger still is required to comply with the regulations on making compensability decisions.  If not, then the regulations have no effect.  Kroger denied the claim well past the 15-day timeframe, so the Court refers this case to the Compliance Program for the imposition of a penalty.

The Court sets a status hearing on **May 11 at 10:15 a.m. Central Time.**  You must dial 615-532-9552 or 866-943-0025 to participate.

IT IS ORDERED.

**ENTERED March 13, 2026.**


*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:
1) Ms. Toma's declaration
2) Medical records from Employee
3) Wage statement
4) Denial
5) Settlement documents for 12/13/17 injury
6) Dr. Jason Smith response to letter from the adjuster
7) Ms. Toma's deposition

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on March 13, 2026.

| Name | Mail | Email | Sent to |
|------|------|-------|---------|
| Mona Toma, Employee | X | X | **monatoma2020@yahoo.com** <br> **kirollostoma@gmail.com** <br> 2844 Creekview Dr. <br> Nashville TN 37217 |
| Heather Douglas, Gabi Jackson, Employer's Attorneys | | X | **hdouglas@manierherod.com** <br> **gjackson@manierherod.com** |
| Pat Ruth, SIF Attorney | | X | **patrick.ruth@tn.gov** |
| Compliance Program | | X | **WCCompliance.Program@tn.gov** |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*